**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

LEONARD THOMAS,               )
        Plaintiff,          )
                    )
        v.                  )     CAUSE NO.: 3:15-CV-548-JVB-JEM
                    )
BRAD MAZICK, *et al.*,         )
        Defendants.         )

## OPINION AND ORDER

This matter is before the Court on Corizon Defendants' Rule 12(b) Motion to Dismiss Plaintiff's Third Amended Complaint [DE 62] filed by Defendants Corizon Health, Inc., Barbara Eichman, M.D., Bradley Mazick, Ph.D., and Nicholas Wardell, MHP (the "Corizon Defendants") on November 16, 2020. Plaintiff Leonard Thomas filed a response on December 18, 2020, the Corizon Defendants filed a reply on January 13, 2021, and Thomas filed a sur-reply with leave of court on February 9, 2021.

## PROCEDURAL BACKGROUND

Thomas initiated this cause of action on November 20, 2015, by filing a pro se Complaint. At the same time, he requested appointment of counsel, which was denied. The Court struck Thomas's first three complaints, all filed *pro se*, because they brought unrelated claims. The case was dismissed as abandoned in 2017. Thomas successfully appealed, and, on remand, counsel was appointed.

This case is currently proceeding on Thomas's three-count Third Amended Complaint, which he filed through counsel on October 6, 2020. In Count One, Thomas alleges an Eighth Amendment violation due to Corizon's deliberate indifference to Thomas's medical needs, in Count Two, Thomas alleges state law *respondeat superior* against Corizon, and in Count Three

Thomas alleges an Eighth Amendment violation by Eichman, Wardell, and Mazick due to deliberate indifference to Thomas's medical needs.[1]

In the instant motion, the Corizon Defendants bring two arguments about which the parties are now in agreement: *res judicata*, also known as claim preclusion, does not bar Thomas's claims, *see* (Reply 7, ECF No. 82), and Thomas does not bring claims based on the care he received at the Pendleton Correctional Facility in 2014, *see* (Resp. 5, ECF No. 78). Claims regarding the care at Pendleton were the subject of another lawsuit Thomas brought in the Southern District of Indiana case *Thomas v. Levine*, Case No. 2:15-cv-399.

Remaining before the Court for decision are the Corizon Defendant's assertions that, by operation of issue preclusion, Thomas has not exhausted his administrative remedies and that Thomas's claims against Corizon Health violate the statute of limitations.

## ANALYSIS

### A.   Issue Preclusion Regarding Exhaustion of Administrative Remedies

When a person who is incarcerated seeks to bring a lawsuit, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." Failure to exhaust administrative remedies is an affirmative defense, so the Corizon Defendants bear the burden of proof. *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016).

The Corizon Defendants assert that the issue of Thomas's exhaustion of administrative remedies was decided in *Levine* and that issue preclusion applies here to prevent Thomas from withstanding dismissal for failure to exhaust administrative remedies.

> Issue preclusion applies based on a prior federal judgment when "(1) the issue sought to be precluded [was] the same as that involved in the prior litigation, (2) the issue [was] actually litigated, (3) the determination of the issue [was] essential to

---

[1] Count Three is also brought against other Defendants, who have not moved to dismiss the Third Amended Complaint.

the final judgment, and (4) the party against whom estoppel is invoked [was] fully represented in the prior action."

*Oneida Nation v. Vill. of Hobart*, 968 F.3d 664, 686 (7th Cir. 2020), reh'g denied (Sept. 18, 2020)

(quoting *In re Calvert*, 913 F.3d 697, 701 (7th Cir. 2019)) (alterations in original).

Thomas contends that the issue in the *Levine* litigation is unidentical to the one presented in the instant litigation. Specifically, Thomas asserts that the question resolved in *Levine* was whether he exhausted his administrative remedies for claims concerning medication prescribed to him at the Pendleton Correctional Facility before March 2014 and the pending claims here concern medical care regarding housing conditions at the Westville Correctional Facility Control Unit after March 2014.

In briefing a motion for summary judgment in *Levine*, the defendants in that case (which included Defendants Eichman and Wardell, who are also sued in the instant litigation) described Plaintiff's case as based on allegations that "from December 2013 through May 2015, Defendants denied him depression and anti-psychotic medications for his mental health complaints." (Sur-reply Ex. A at 3, ECF No. 92-1).[2] The defendants moved for summary judgment, arguing that the "undisputed evidence establishes that Plaintiff failed to timely and properly exhaust the issue of whether he was inappropriately denied medications from 2013 through 2015." *Id* at 5. The *Levine* court stated, "Mr. Thomas alleges that between December 2013 through June 5, 2015, Defendants denied him anti-psychotic medications and other mental health care while he was an inmate at the Pendleton Correctional Facility." (Resp. Ex. B at 2, ECF No. 78-2). The court further noted that "[d]uring all times relevant to his complaint, Mr. Thomas was an inmate incarcerated with the [Indiana Department of Corrections] at Pendleton Correctional Facility." *Id.* at 4.

---

[2] The Court uses the page numbers assigned by the Northern District of Indiana CM/ECF system.

Under the circumstances, the Court is not convinced that the issue is the same. Both the court and the defendants in *Levine* specifically indicated that the claims in *Levine* were connected to Thomas's time at the Pendleton Correctional Facility. The issue before the Court in the instant litigation is Thomas's treatment at the Westville Correctional Facility. The question is not whether evidence submitted to the *Levine* court would show a failure to exhaust regarding Thomas's claims here. The question is whether the *Levine* court has already decided the issue. It has not, so issue preclusion does not apply.[3]

## B.    Statute of Limitations

Next, the Corizon Defendants argue that Thomas's claims against Corizon Health are barred by a two-year statute of limitations because Corizon Health was not named as a defendant until October 2020 and the allegations concern matters occurring in 2014 and 2015. Because the argument that the applicable statute of limitations is violated is an affirmative defense, the Corizon Defendants bear the burden of showing that the defense applies. *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004); *see also* Fed. R. Civ. P. 8(c)(1). If the Corizon Defendants meet their burden, however, it is Thomas's burden to show that an exception to the statute of limitations applies. *Obiefuna v. Hypotec, Inc.*, 451 F. Supp. 3d 928, 942 (S.D. Ind. 2020); *see also Knox v. Cook Cnty. Sheriff's Police Dep't*, 866 F.2d 905, 907 (7th Cir. 1988).

As the Corizon Defendants state, the applicable statute of limitations period is two years. *Richards*, 696 F.3d at 637. Corizon Health was first named as a defendant in 2020, which is over two years from the alleged events giving rise to Thomas's claims, so the Corizon Defendants have met their burden regarding the statute of limitations. Thomas contends that exceptions to the statute of limitations apply, specifically, that the claims relate back to the original complaint, which was

---

[3] Even if the *Levine* court had decided the issue, it would not have been essential to the judgment because there were no claims concerning Thomas's treatment at Westville Correctional Facility.

filed within the limitations period, and that time should be tolled because he is not at fault for the delay in naming Corizon Health.

When amendments to a pleading name a new party, the amended pleading relates back to the date the original pleading was filed if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" and if

> within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

In his original complaint, Thomas attempted to allege that he was placed in the wrong type of housing and denied adequate medical treatment of his mental health while at the Westville Correctional Facility. This is the same conduct that gives rise to Thomas's claims against Corizon Health in the Third Amended Complaint. This aspect of the relation back doctrine is satisfied, so the Court progresses to consider the notice aspect of the doctrine.

A defendant must receive notice that it is being sued within the period for service of process prescribed by Federal Rule of Civil Procedure 4(m); extensions made to that deadline for good cause also extend the notice period for the relation back doctrine. *Keller v. United States*, 444 F. App'x. 909, 911 (7th Cir. 2011); Fed. R. Civ. P. 15(c). That is, Thomas has satisfied the notice requirement if the government received notice within 120 days of his timely filed original complaint plus any extensions granted for good cause. *Keller*, 444 F. App'x at 912.

Pursuant to the Prison Litigation Reform Act (PLRA), the Court has the duty to screen Thomas's complaints, and the screening is to occur before any defendants are served. *McNutt v. Savagain*, 715 F. App'x 573, 573-74 (7th Cir. 2018); 28 U.S.C. §§ 1915(e)(2), 1915A.

5

Accordingly, no complaint Thomas filed would be served unless it passed screening. Thomas's first three complaints went unserved because they were stricken during the screening process. The Third Amended Complaint, which added Corizon Health as a defendant, was the first pleading to be served. Due to the PLRA, Thomas was powerless to serve any of his complaints until the Court authorized it.

Furthermore, the Seventh Circuit Court of Appeals determined that counsel should have been appointed to Thomas. The delay attributable to screening and the delay in appointing counsel to Thomas were outside of Thomas's control and constitute good cause for extending the Rule 4(m) deadline. *See Stewart v. Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 547 (7th Cir. 2014). "[A]llowing an amendment normally constitutes a finding of good cause for an extension of the period to serve new defendants under Rule 4(m)." *Keller*, 444 F. App'x at 913. Thomas diligently tried twice on his own to amend his *pro se* complaint and raised the statute of limitations issue in one of his multiple requests to the Court for appointed counsel, *see* (ECF Nos. 7, 11, 17), so the Court finds that there is good cause to extend the Rule 4(m) deadline to cover the pendency of the screening of Thomas's complaints and the time from when Thomas requested counsel until counsel was appointed. *See Keller*, 444 F. App'x at 912-13.

Thus, Corizon Health received notice of the lawsuit and notice that claims were filed against it in the lawsuit within the Rule 4(m) period. The Third Amended Complaint relates back to the original complaint and the statute of limitations is not violated. Accordingly, the Court need not address Thomas's equitable tolling argument.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Corizon Defendants' Rule 12(b) Motion to Dismiss Plaintiff's Third Amended Complaint [DE 62].

The Court **CLARIFIES** that Plaintiff has not brought any claim in this lawsuit based on the medical care he received at the Pendleton Correctional Facility.

SO ORDERED on April 19, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT